ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
Eric J. Blake (04-R-3528),            :
                                      :
            Petitioner,               :   No. 08 Civ. 0930 (SCR) (MDF)
                                      :
      -against-                       :   ORDER
                                      :
Leo Payane, Superintendent,           :
Mohawk Correctional                   :
Facility,                             :
                                      :
            Respondent.               :
------------------------------------------------------x

MARK D. FOX, United States Magistrate Judge:

In a submission filed on July 7, 2008 (Doc. # 8), Petitioner *pro se* requests that this Court stay his petition while he files an application for a writ of error *coram nobis* in the Appellate Division, Second Department, to raise a claim of ineffective assistance of appellate counsel.[1] The ineffective assistance of appellate counsel claim has not yet been exhausted in the state courts.

On December 11, 2007, prior to filing his petition for a writ of habeas corpus, Petitioner made a request to his appellate counsel for a copy of all of the files and transcripts from his criminal case. Petitioner's time to apply for a writ of habeas corpus was about to expire when he mailed out his petition, executed on January 8, 2008. In the petition, he noted that his filing was based on his state court appellate brief, but that he would like to add to his habeas petition if and when his trial records became available. On or about February 26, 2008, Petitioner received a

---

[1] It appears from the petitioner's motion papers that his ineffective assistance of appellate counsel claim is based on his appellate counsel's failure to raise the issues of insufficiency of the evidence, weight of the evidence, police misconduct, and unlawful search and seizure of the petitioner's property, all of which he contends had been preserved on the trial record for appellate review.

copy of the trial transcripts and has since prepared his application for a writ of error *coram nobis*.

Respondent has not objected to Petitioner's motion for a stay.

A district court may grant a stay to allow for exhaustion of a claim in state court if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Given the nature of the proposed additional claim, the fact that Petitioner lacked the documents he needed to pursue the claim, and Respondent's lack of opposition, the Court will stay the petition to provide Petitioner a chance to raise, and exhaust, his ineffective assistance of appellate counsel claim in state court.

The petition is therefore stayed for 30 days so that Petitioner may file his application for a writ of error *coram nobis*. If Petitioner files such an application within that time, the petition will remain stayed until 30 days after he has completed his efforts to exhaust his ineffective assistance of appellate counsel claim. *See Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (endorsing 30-day periods to commence a state court proceeding and to return to the district court after exhaustion is completed). The parties shall advise the Court when any time limit has passed such that the petition should no longer be stayed.

Date: July 21, 2008
White Plains, New York

SO ORDERED,

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Order have been sent to the following:

Mr. Eric J. Blake (04-R-3528)
Mohawk Correctional Facility
6100 School Road
P.O. Box 8451
Rome, New York 13442

Bridget R. Steller, Esq.
Assistant District Attorney
236 Main Street
Poughkeepsie, New York 12601